IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MEDICUS INSURANCE COMPANY,

v.　　　　　　　　　　　　　　　　　Civil Action No. 5:13CV145
　　　　　　　　　　　　　　　　　　　　　　　　　(STAMP)
ROBERT L. CROSS, M.D.,
WHEELING SURGICAL ASSOCIATES, INC.
and ESTATE OF DAVID McFADDEN,

　　　　　Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND,
GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE
DEFENDANT ESTATE OF DAVID McFADDEN'S
MOTION TO DISMISS AND
GRANTING DEFENDANTS' ROBERT L. CROSS, M.D.
AND WHEELING SURGICAL ASSOCIATES, INC.
MOTIONS TO DISMISS**

I.　Procedural History

This declaratory judgment action was brought in this Court by the plaintiff, Medicus Insurance Company ("Medicus"), in order to have this Court declare whether or not Medicus can be held liable for any amount over the $1,000,000.00 professional policy limit of the policy issued to defendants Dr. Robert L. Cross ("Cross") and Wheeling Surgical Associates, Inc. ("WSA"). This issue arises from an underlying state court action brought by the Estate of David McFadden ("the Estate").[1] David McFadden, the deceased, died after complications arose from a surgery completed by Cross. Cross and

---

[1]As later stated in this order, the Estate is incorporating arguments from Cross and WSA's motion to dismiss. This Court will refer to all three defendants as "the defendants" throughout this order.

WSA, allege that Medicus was then offered a settlement by the Estate but failed to inform Cross and WSA that there was an offer and also failed to timely act upon that offer. They further allege that Medicus attempted to tender the policy amount to the Estate, without Cross and WSA's knowledge, and that the Estate rejected such offer and instead brought a medical malpractice/wrongful death suit against Cross, WSA, and Ohio Valley Medical Center in the Circuit Court of Ohio County, West Virginia ("the state court action").

Medicus then filed a motion to enforce settlement in which Medicus has argued that it had requested an extension which was tacitly accepted by the Estate. This motion is still pending in the state court action. Medicus thereafter filed the current action in this Court. After this action was filed, Medicus did not immediately provide notice to the defendants of the filing of this action. The Estate then filed an amended complaint adding Erin Carr and Pradip M. Mehta, M.D. as defendants to the state court action. Cross and WSA then filed an answer to that complaint and also filed a third-party complaint against Medicus for breach of contract and common law/bad faith claims in the state court action, allegedly without any knowledge of the federal action.

Cross and WSA then filed a motion to dismiss in lieu of an answer to Medicus's complaint. Medicus thereafter filed an amended complaint. In response, Cross and WSA filed a renewed motion to

2

dismiss. Further, the Estate filed a separate motion to dismiss, incorporating the arguments of Cross and WSA's motion to dismiss as well as making other arguments. In response to the Estate's motion to dismiss, Medicus filed a motion to amend its complaint. Finally, Cross and WSA filed a supplemental motion to dismiss noticing a correction to its renewed motion to dismiss. These motions are now fully briefed.

## II. Facts

### A. Motions by Cross and WSA

There were multiple motions to dismiss filed by Cross and WSA because of procedural matters that were ongoing in this Court and in the state court action. The Estate has adopted all arguments made by Cross and WSA in those motions.

#### 1. Motion to Dismiss

In their motion to dismiss, the defendants focus on two cases to support their motion: Aetna Casualty & Surety Company v. Quarles, 92 F.2d 321 (4th Cir. 1937), and Nautilus Insurance Company v. Winchester Homes, Inc., 15 F.3d 371 (4th Cir. 1994). First, the defendants assert that the Quarles criteria are not met in this action and thus, this Court should not exercise jurisdiction over this action. The defendants first note that they have not disputed the language of the insurance policy nor the stated limits of $1,000,000.00. Thus, the defendants argue that clarifying the language contained in the policy would not clarify

3

the state court action and thus, Quarles warrants against this Court hearing this action because it would not serve a useful purpose. As to the first criterion of Quarles, the defendants argue that Cross's claims for indemnification in the state court action are based, in part, on Shamblin v. Nationwide Mutual Insurance Co., 396 F.2d 766 (W. Va. 1990), and thus will not be ripe until a verdict is reached in the state court action determining whether or not the damages are in excess of $1,000,000.00. Further, the defendants contend that this claim would require extensive discovery and consequently, there is no justiciable issue that could be decided by a declaratory judgment at this time. Additionally, the defendants argue that the relief sought by Medicus will not terminate the controversy between the parties because the defendants are asserting breach of contract and other extra-contractual claims that would survive even if the Shamblin claim was dismissed.

The defendants next argue that the Nautilus factors support abstention. Those factors are:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; [ ]. . . (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of overlapping issues of fact or law; and whether the declaratory judgment action is being used merely as a device for 'procedural fencing'–that is, 'to provide another forum in a race for

> res judicata' or 'to achieve a federal hearing in a case otherwise not removable.'"

<u>Nautilus</u>, 15 F.3d at 377. As to the state's interest, the defendants assert that the state court has a stronger interest in hearing this action because all parties except Medicus are West Virginia residents, the insurance policy was issued in and the malpractice claim arose in West Virginia, and the underlying state court action involves the interpretation of West Virginia insurance law. Additionally, Cross and WSA argue that novel issues may be raised in the state court action because Medicus appears to be seeking a declaration that it has no duty to indemnify the defendants for damages awarded in excess of the policy limits because the policy exclusions trump any potential <u>Shamblin</u> claim.

Further, the defendants argue that the state court can more efficiently resolve the underlying claims because the <u>Shamblin</u> claim is not ripe and in the event Medicus's claims become ripe, the state court can address those issues as well as issues not raised in this action. The defendants further contend that there are different parties that must be addressed in the state court action. Finally, the defendants assert that extensive discovery has taken place in the state court action.

As to the element of entanglement, the defendants assert that significant entanglement would occur because there are several overlapping issues that both this Court and the state court would have to consider. Finally, the defendants argue that procedural

fencing has occurred because Medicus filed this suit because it could not remove the state court action and because it was racing to the courthouse before the defendants could file their third-party complaint in state court.  Further, Cross had provided a settlement proposal to Medicus and at that time, Medicus filed the current action without Cross's knowledge.

In its response, Medicus claims that it sought declaratory judgment in this civil action after the Estate filed a second amended complaint in the state court action setting forth intentional tort claims against Cross and WSA.  Thus, Medicus contends that this Court can hear this action because those claims are outside the terms of the policy and this Court may interpret a policy's terms as they relate to the underlying issues and parties.  Further, Medicus argues that resolving issues regarding pre-suit settlement negotiations and their impact on policy limits is also within this Court's declaratory judgment jurisdiction.  Finally, Medicus contends that judgment by this Court is warranted because Medicus filed first.

Regarding the Nautilus factors, Medicus sets forth the following analysis:

> (1) *State's Interest*: Medicus contends that this action involves traditional issues involving the interpretation of an insurance policy whereas the issues pending in state court involve allegations of professional negligence and intentional torts.
> (2) *Efficiency*: Medicus asserts that the defendants are being defended under a reservation of rights agreement and it would be more efficient for this Court to hear

6

these claims and for the state court to take up the professional negligence/intentional torts claims. Further, Medicus argues that even if the Shamblin dispute is not ripe, this action involves much more than just that issue and it is much more efficient to have it resolved in this Court. Finally, Medicus contends that the extra parties in the state court action would not be affected by the decision of this Court.

(3) *Entanglement*: Medicus argues that this Court can deal with the coverage issues while the state court deals with the professional negligence/intentional tort claims, thus no entanglement will arise. Medicus asserts that General Star, cited by the defendants, is distinguishable because the insurance company filed after the state court action had been pending for two years and the Shamblin issues involved post-suit actions, not pre-suit actions.

(4) *Procedural Fencing*: Medicus asserts that the defendants are involved in procedural fencing by attempting to join this action with the pending negligence/intentional torts claims in state court. Medicus contends that it only waited to serve the defendants in this action in order to wait for a decision on the motion to enforce settlement. However, once the defendants filed their third-party complaint, Medicus felt it necessary to serve the defendants. Also, Medicus asserts that its filing of this suit was well-publicized and the defendants had notice of its filing before being formally noticed.

In their reply, Cross and WSA reiterate their arguments made in the initial motion to dismiss and further assert that Medicus's arguments are faulty and not based in law.

2. <u>Renewed Motion to Dismiss</u>

After Medicus filed an amended complaint, Cross and WSA filed a renewed motion to dismiss which incorporates the arguments from their initial motion to dismiss to the amended complaint. In its response to the renewed motion to dismiss, Medicus sets reiterates its previous arguments and adds the Estate's intentional torts

7

claims against Cross and WSA are outside the terms of the policy and Cross and WSA are therefore not covered.

3. <u>Supplemental Motion to Dismiss</u>

Cross and WSA filed a supplemental motion to dismiss in order to inform this Court that Cross and WSA had filed an amended third-party complaint in the state court action.

B. <u>The Estate's Motion to Dismiss and Medicus's Motion to Amend</u>

The Estate then filed a motion to dismiss which incorporates the arguments of Cross and WSA and argues that the Estate is not a proper party. In response, Medicus filed a motion to amend.[2]

These motions are now ripe for review. Based on the analysis below, this Court finds that Cross and WSA's motions to dismiss should be granted, the Estate's motion to dismiss should be granted in part and denied in part without prejudice to be brought in the state court action if necessary, the plaintiff's motion to amend should be denied as moot, and this Court should abstain from hearing this action.

### III. <u>Applicable Law</u>

In cases involving a claim for equitable relief, federal courts may stay the action based on abstention principles, if applicable, but may also, "in appropriate circumstances, decline to

---

[2]This Court will not delve further into the analysis provided by the parties as this Court has determined that it must abstain from hearing this case and thus, the plaintiff's motion to amend is moot.

exercise jurisdiction altogether by either dismissing the suit or remanding it to state court." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 721 (1996). On the other hand, federal courts may not find that "those principles support the outright dismissal or remand of damages actions." Id.

IV. Discussion

A. Motions to Dismiss

As an initial matter, under the Declaratory Judgment Act, 28 U.S.C. § 2201, federal courts are not required to hear declaratory judgment actions. See Nautilus, 15 F.3d at 375. Rather, a district court's decision to hear such a case is discretionary. Id. Pursuant to this rule, the defendants argue that this Court should abstain from hearing this action as the criteria set forth in Quarles and the factors set forth in Nautilus do not favor this Court hearing this declaratory judgment action.

The United States Court of Appeals for the Fourth Circuit has articulated several factors that should guide a district court in determining whether to entertain a declaratory judgment action. The first set of standards was stated in Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937). In that case, the Court held that a district court should exercise jurisdiction over a declaratory judgment action when it finds that the relief sought "will serve a useful purpose in clarifying and settling the legal relations in issue" and "will terminate and afford relief from the

9

uncertainty, insecurity, and controversy giving rise to the proceeding." Id.

The Fourth Circuit built upon these principles in Mitcheson v. Harris, 955 F.2d 235, 237-40 (4th Cir. 1992), indicating that when determining whether to entertain a declaratory judgment action, a district court should consider:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; and (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of overlapping issues of fact or law.

Id. (as cited in Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994)). Later, in Nautilus, the Fourth Circuit added that courts should also consider "whether the declaratory judgment action is being used merely as a device for 'procedural fencing'–that is, 'to provide another forum in a race for res judicata' or 'to achieve a federal hearing in a case otherwise not removable.'" 15 F.3d at 377 (quoting 6A J. Moore, B. Ward & J. Lucas, Moore's Federal Practice, ¶ 57.08[5] (2d ed. 1993)).

  1. Standing and Justiciable Controversy

The Fourth Circuit Court has stated that a "dispute between a liability insurer, its insured, and a third party with a tort claim against the insured over the extent of the insurer's responsibility

10

for that claim is an 'actual controversy' within the meaning of the federal Declaratory Judgment Act, even though the tort claimant has not yet reduced his claim against the insured to judgment." Nautilus Ins. Co., 15 F.3d at 375. Accordingly, this Court finds that the dispute between Medicus and the defendants is an actual controversy, as it will determine whether or not Medicus has a duty to defend Cross and WSA in the state court action. See also ACandS, Inc. v. The Aetna Cas. & Sur. Co., 666 F.2d 819, 823 (3d Cir. 1981) ("Declaratory suits to determine the scope of insurance coverage have often been brought independently of the underlying claims albeit the exact sums to which the insurer may be liable to indemnify depend on the outcome of the underlying suits"); Amer. Motorists Ins. Co. v. Mack, 248 F. Supp. 1016, 1018 (E.D. Pa. 1965) (holding that plaintiff insurance company has presented a real and justiciable controversy because a "declaration on the merits by the district court . . . might well determine that the insurer has no duty whatsoever to defend. On the other hand, if it is found that the insurance company must defend [the insured] in the state court action, the action could then proceed against her with [the insurer] herein acting on her behalf").

2. Abstention

This Court must also consider the Nautilus factors for abstention as well. Based on the analysis below, this Court finds that it is required to abstain.

11

### a. State's Interest

Although the claims in this action require the application of West Virginia law and West Virginia parties, that alone does not require this Court to abstain from hearing this declaratory judgment action. Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 258 (4th Cir. 1996) (finding that a district court should not abstain simply because state law must be applied).

In this action, however, there are several difficult questions of state law that are more properly suited for the state court to address. It is clear that the use of punitive damages exclusions in insurance policies has been found to be proper. See State ex rel. State Auto Ins. Co. v. Risovich, 511 S.E.2d 498 (1998). Further, the West Virginia Supreme Court of Appeals has held that an insurer may be liable to its insured for personal liability in excess of the policy limits where the insurer in bad faith refused to settle within the policy limits. Shamblin v. Nationwide Mut. Ins. Co., 396 S.E.2d 766 (1990). Because of these two holdings, which appear to be in contention with each other, this Court has held that the question of Shamblin's applicability in an action involving the possible award of damages is better left to the state court to decide. Gen. Star Nat. Ins. Co. v. DiPino, 5:12-CV-26, 2012 WL 2885593, at *7 (N.D. W. Va. July 13, 2012)(Bailey).

In this action as well, Medicus is seeking a declaration by this Court that it will not be required to indemnify Cross and WSA

12

for any amount over the $1,000,000.00 policy limit.  However, given the possible applicability of Shamblin in the state court action, this Court cannot make such a determination without treading upon the interests of the state court in resolving the contention between the two holdings cited above.  Accordingly, this Court finds that this factor weighs in favor of abstention.

      b.    Efficiency

This Court also finds that it would not be more efficient for this Court to enter a declaratory judgment in this action.  Where a state court action and the parallel federal declaratory judgment action will involve the same coverage issues but result in piecemeal litigation because certain issues are lacking from the federal court action, the federal court has the discretion to abstain from hearing the declaratory judgment action.  Wilton v. Seven Falls Co., 515 U.S. 277, 280-81 (1995).  Further, in determining the efficiency of hearing the matter, the district court should consider the nature of the defenses that will be raised in the state court action.  Id. at 283 (citation omitted).

Again, the issues that may be raised because of Cross and WSA's Shamblin issue create an issue of efficiency for this Court.  Because of the nature of a Shamblin claim, a determination of its applicability will not be determined until an excess verdict is reached or an excess settlement is agreed upon by the underlying parties.  Thus, the Shamblin issue could not be resolved by this

Court until the state court action is finalized and thus continuing this litigation would be inefficient.

Further, it would be more efficient for the state court to resolve this matter as Medicus is a party to that action and may seek declaratory relief in that forum. The United States Court of Appeals for the Fourth Circuit has held that where the insurance company was not a party to the state court action and it was not clear if the insurance company could intervene, a federal district court should not abstain. Penn-Am. Ins. Co. v. Coffey, 368 F.3d 409, 414 (4th Cir. 2004). Additionally, even where the plaintiff insurance company has not been named as a party in the state court action, as long as it has notification of an inevitable claim that will be brought against it, the district court may abstain. Cont'l Cas. Co. v. Fuscardo, 35 F.3d 963, 967 (4th Cir. 1994). In this action, however, Medicus has been made a party to the state court action and may raise any claims it may have raised in this action while allowing the state court to consider the other pending issues that are related to insurance coverage but have not been raised in this forum. See Wilton, 515 U.S. at 281 (citing Colorado River Conservation Dist. v. United States, 424 U.S. 800, 816-19 (1976) (finding that prior participation of the plaintiff as a defendant in the state court proceedings weighs in favor of abstention)).

Finally, it appears that significant discovery has already taken place in the state court action pursuant to a review of the

docket report for that action. The discovery completion date is October 31, 2014, paper discovery has taken place, and several depositions have been taken. McFadden, et al. v. Robert L. Cross, M.D., et al., No. 13-C-191, Dkt. Nos. 205, 211, 241 (W. Va. Cir. Ct. Ohio Co., Mar. 3, 2014)(Wilson). A district court may consider the fact that significant discovery has taken place in the state court action in deciding to abstain from a parallel federal proceeding. Poston, 88 F.3d at 258. Thus, the discovery that has taken place in the state court also tips the efficiency factor toward abstention. Accordingly, this factor weighs in favor of abstention.

      c.    Entanglement

This Court also finds that entanglement does not weigh in favor or against abstention. The declaratory judgment issue has not been raised, or this Court has not been notified of it being raised, in the state court action. However, the state court has denied Cross and WSA's motion to enforce settlement and thus, the Shamblin issue is still pending in the state court action. McFadden, et al. v. Robert L. Cross, M.D., et al., No. 13-C-191, Dkt. No. 321 (W. Va. Cir. Ct. Ohio Co. Aug. 6, 2014)(Wilson). This Court has noted above, however, that Medicus is a party to the state court action and has the ability to raise the declaratory judgment issue. Given that such an issue has not been raised,

however, this Court finds that the entanglement issue does not go against or weigh in favor of abstention.

        d.    Procedural Fencing

Procedural fencing is also a factor that does not weigh in favor or against abstention. The defendants assert that Medicus was involved in procedural fencing because it filed the current action but did not serve the defendants until it knew that a third-party complaint was going to be filed against it in the state court action. Medicus, on the other hand, argues that the defendants are involved in procedural fencing by attempting to bring similar issues in the state court action after Medicus had filed this action. Further, Medicus contends that its filing of the action in this Court was well publicized and thus, the defendants had notice of this action before they were formally noticed.

This Court cannot speculate as to what the parties knew or did not know when Medicus filed the action in this Court. Further, the race to the courthouse has not been held to be enough for a court to maintain jurisdiction over a matter. As such, this Court finds that as it is unclear whether procedural fencing occurred, or whether both parties were engaged in procedural fencing, this factor does not weigh in favor of nor against abstention.

Based on a weighing of the Nautilus factors, this Court finds that the facts of this case require this Court to abstain from hearing this matter. Abstaining from hearing this declaratory

16

judgment action would be more judicially efficient and economical. Therefore, this Court must abstain.

3. Incorrect Party to Proceeding

The Estate has also argued that this case should be dismissed as Medicus failed to bring this action against the proper defendant. This Court will not review such an argument given its findings above. However, this Court will deny this part of the motion to dismiss without prejudice to be raised by the Estate, if necessary, in the state court action.

B. Motion to Amend

Given that this Court is required to abstain from hearing this action, this Court will not consider Medicus's motion to amend. Such a motion is rendered moot pursuant to this Court's finding on the defendants' motions to dismiss.

V. Conclusion

For the reasons set forth above, this Court finds that Cross and WSA's motion to dismiss (ECF No. 11), renewed motion to dismiss (ECF No. 19), and supplemental motion to dismiss (ECF No. 33) are GRANTED. Further, defendant Estate of David McFadden's motion to dismiss (ECF No. 20) is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE to raise the issue as to the correct party in the state court action if necessary. Finally, the plaintiff's motion to amend (ECF No. 23) is DENIED AS MOOT.

Accordingly, all pending motions are hereby DENIED AS MOOT. Further, it is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: October 27, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE