IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MEDICUS INSURANCE COMPANY,

v.  Civil Action No. 5:13CV145
(STAMP)
ROBERT L. CROSS, M.D.,
WHEELING SURGICAL ASSOCIATES, INC.
and ESTATE OF DAVID McFADDEN,

Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO ALTER OR AMEND JUDGMENT**

I. Procedural History

This declaratory judgment action was brought in this Court by the plaintiff, Medicus Insurance Company ("Medicus"), in order to have this Court declare whether or not Medicus can be held liable for any amount over the $1,000,000.00 professional policy limit of the policy issued to defendants Dr. Robert L. Cross ("Cross") and Wheeling Surgical Associates, Inc. ("WSA"). This issue arises from an underlying state court action brought by the Estate of David McFadden ("the Estate").[1] David McFadden, the deceased, died after complications arose from a surgery completed by Cross.

Thereafter, Cross and WSA filed a motion to dismiss and a renewed motion to dismiss. The Estate filed a separate motion to dismiss. In response, Medicus filed a motion to amend. Cross and WSA then filed a supplemental motion to dismiss. Once the motions

---

[1]Cross, WSA, and the Estate make similar arguments regarding Medicus' motion. This Court will refer to all three defendants as "the defendants" throughout this order.

were fully briefed, this Court granted Cross and WSA's motions to dismiss, granted in part and denied in part the Estate's motion to dismiss, and denied as moot Medicus' motion to amend.

Medicus has now filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Medicus takes issue with this Court's consideration of clarifications contained in Cross and WSA's supplemental motion to dismiss and proceedings that had taken place in the state court action. Medicus' arguments are two-fold: (1) the dismissal order contained multiple, misapprehensions of fact that were material to this Court's decision; and (2) the dismissal order contained misapplications of the law that were material to this Court's decision. This motion is now fully briefed.

## II. Applicable Law

The United States Court of Appeals for the Fourth Circuit has recognized that Rule 59(e) motions are discretionary and need only be granted: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 411 (4th Cir. 2010); Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "[Federal] Rule [of Civil Procedure] 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be

used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. Id. It is improper to use such a motion to ask the court to "rethink what the court has already thought through-rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

### III. Discussion

As stated previously, Medicus utilizes a two-prong approach in its motion to alter or amend judgment: alleged misapprehensions of fact and alleged misapplications of law. This Court will review those arguments in turn.

A. Alleged Misapprehensions of Fact

1. Tendering of the Policy Amount

Medicus asserts that this Court incorrectly stated that Medicus attempted to tender the policy amount to the Estate without Cross and WSA's knowledge. This misstatement, was later corrected, in Cross and WSA's supplemental motion to dismiss. The defendants contend that this is immaterial to this Court's ultimate finding because Cross still has a claim regarding the settlement as (1) Cross and his attorneys were not timely advised of the demand, (2) consent was not timely obtained, and (3) Medicus contacted Cross without Cross's attorney's knowledge.

This Court acknowledges that it did make a misstatement of fact, albeit inadvertently, in its order of dismissal. However, this Court finds that this misstatement is not material. This Court's dismissal opinion was based on the <u>Shamblin v. Nationwide Mut. Ins. Co.</u> issue that Cross and WSA could potentially have against Medicus. 396 S.E.2d 766 (W. Va. 1990). As this Court will discuss later, this Court does not believe it incorrectly abstained because the <u>Shamblin</u> issue is more properly suited for determination by the state court. Thus, because Cross and WSA may still have a <u>Shamblin</u> claim because of the allegations of Medicus' alleged mishandling of the settlement offer, the misstatement by this Court is immaterial. <u>Brown v. Hovatter</u>, 525 F. Supp. 2d 754, 757 (D. Md. 2007) (citations omitted) ("It is [ ] permissible for a district court to clarify a previous judgment under the auspice of Rule 59(e) without necessarily amending it . . . .").

    2.   <u>Motion to Enforce Settlement</u>

Medicus asserts that this Court also misstated that Medicus, rather than Cross and WSA, filed the motion to enforce settlement and that it was still pending at the time this Court entered its order of dismissal. Medicus argues that this is material because it shows that this Court misapprehended what was going on in the state court proceedings. The defendants contend that the Court did make a misstatement as it was counsel for Cross and WSA, hired by Medicus, who filed the motion. The defendants assert, however,

4

that this misstatement is immaterial. Also, the defendants point out that this Court later stated in its opinion that the motion to enforce settlement was no longer pending and had been denied. Thus, the <u>Shamblin</u> issue was still in play in the state court action.

As previously stated, this Court still believes the <u>Shamblin</u> issue warrants abstention. Although this Court misstated who had filed the motion to enforce settlement, it is immaterial as Medicus was aware that the motion to enforce settlement had been filed and the motion had already been denied when this Court entered its order. Further, this Court specifically stated in its discussion that the motion to enforce settlement had been denied and that this bolstered the <u>Shamblin</u> issue. At that point, Cross and WSA would then be open to a possible judgment of more than the $1,000,000.00 policy limit which is a coverage issue that Medicus is arguing should be decided by this Court in this declaratory judgment action. This Court was aware that the motion had been denied and the misstatement was thus immaterial to this Court's decision.

    3.   <u>Consideration of Issues Raised in Medicus' Complaint and the Consideration of *Shamblin*</u>

Medicus argues that this Court misstated what issues are raised in its declaratory judgment complaint and that its complaint has nothing to do with an exclusion of punitive damages in the subject insurance policy. Medicus asserts that <u>Shamblin</u> is not raised in its complaint. Further, Medicus argues that if <u>Shamblin</u>

is at issue, it is a narrow issue that would only require discovery for the time period from March 5, 2013 to April 25, 2013–the time period in which the initial settlement offer from the Estate was considered. Thus, Medicus contends that this Court's lack of consideration of the rest of the declaratory judgment complaint and consideration of <u>Shamblin</u> as an issue that required abstention, were material mistakes. The defendants argue that <u>Shamblin</u> is applicable and thus Medicus is merely trying to misdirect this Court and have this Court reconsider its finding as to <u>Shamblin</u>.

Medicus' amended declaratory judgment complaint states:

> Medicus seeks a declaratory judgment against defendants that it is not required to indemnify Dr. Cross and/or Associates for anything other [*sic*] "all sums for which the Insured [Dr. Cross and Associates] becomes legally obligated to pay as damages [to the Estate] because of medical incidents," "according to the terms and conditions of the policy and according to the Policy Limits stated on the Declarations Page" as provided in the subject policy.

ECF No. 14 at 13-14. The complaint also states:

> The questions to be decided are whether Medicus may be held liable for anything in excess of the One Million Dollar ($1,000,000.00) limits of a professional liability policy . . . and whether Medicus is liable for any defense and/or indemnification under a Second Amended Complaint filed by the Estate against Associates and Dr. Cross alleging . . . punitive damages, none of which are covered under the subject policy.

<u>Id.</u> at 1-2.

In this Court's discussion of abstention in the order of dismissal, this Court stated the following regarding <u>Shamblin</u>:

> In this action [ ] there are several difficult questions of state law that are more properly suited for the state court to address. It is clear that the use of punitive damages exclusions in insurance policies has been found to be proper. See State ex rel. State Auto Ins. Co. v. Risovich, 511 S.E.2d 498 (1998). Further, the West Virginia Supreme Court of Appeals has held that an insurer may be liable to its insured for personal liability in excess of the policy limits where the insurer in bad faith refused to settle within the policy limits. Shamblin v. Nationwide Mut. Ins. Co., 396 S.E.2d 766 (1990). Because of these two holdings, which appear to be in contention with each other, this Court has held that the question of Shamblin's applicability in an action involving the possible award of damages is better left to the state court to decide. Gen. Star Nat. Ins. Co. v. DiPino, 5:12-CV-26, 2012 WL 2885593, at *7 (N.D. W. Va. July 13, 2012)(Bailey).
>
> In this action as well, Medicus is seeking a declaration by this Court that it will not be required to indemnify Cross and WSA for any amount over the $1,000,000.00 policy limit. However, given the possible applicability of Shamblin in the state court action, this Court cannot make such a determination without treading upon the interests of the state court in resolving the contention between the two holdings cited above. Accordingly, this Court finds that this factor weighs in favor of abstention.

ECF No. 52 at 12-13. Medicus' complaint clearly states that punitive damages are being sought in the state court action and that it asserts that the subject policy does not cover those damages. Further, Cross and WSA have raised the issue of whether Medicus mishandled the settlement demand from the Estate, which raises a concern that Shamblin is applicable. Thus, this Court does not believe that it incorrectly considered Medicus' complaint or the applicability and affect of Shamblin.

### 4. Discovery in the State Court Action

Medicus asserts that this Court incorrectly stated that "significant discovery has taken place" in the state court action even though no discovery relative to the declaratory judgment matter has taken place. Further, Medicus contends that this Court misstated the discovery and trial dates for the state court action and that a new scheduling order had been entered that put those dates outside of the dates this Court had set. Medicus argues that these misapprehensions were material to this Court's decision to abstain. The defendants argue that significant paper discovery has taken place in the state court action and that when taken with the third party issues, Shamblin, the statement regarding the state of discovery is immaterial.

This Court did not misstate that "significant discovery has taken place" in the state court action. This Court did not state that the discovery was related to the declaratory judgment matter. However, this Court did misapprehend the state court action discovery and trial dates that were applicable at the time this Court entered its dismissal order. However, this Court finds that its mistake was immaterial.

This Court based its decision of abstention, and specifically the efficiency factor, first on the issue of Shamblin whose applicability in this case raises an issue that has not been decided by the West Virginia Supreme Court of Appeals.

8

Additionally, this Court relied on the fact that Medicus is a party to the state court action, a third-party defendant, and may file a declaratory judgment counterclaim against Cross and WSA. Finally, this Court based its decision on its view that significant discovery had taken place in the state court. Again, this Court did not state that significant discovery had been taken regarding the declaratory judgment issue. Although this Court failed to consider the correct trial and discovery dates, it still ultimately considered the fact that paper discovery had been ongoing regarding the underlying state court liability issues which may ultimately solidify the Shamblin claim if a judgment is entered against Cross and WSA that exceeds $1,000,000.00. Thus, it was relevant that discovery was ongoing regarding the liability of Cross and WSA, which may include punitive damages. Accordingly, this Court's misstatement regarding discovery and/or its reliance on the fact that paper discovery had been ongoing in the state court action, albeit not regarding the declaratory judgment issues (other than those tangential to Shamblin), was not material and did not lead to manifest injustice.

B. Alleged Misapplication of Law

   1. Liberal Construction of Declaratory Judgment Action

   This Court stated in its order of dismissal that:

   As an initial matter, under the Declaratory Judgment Act, 28 U.S.C. § 2201, federal courts are not required to hear declaratory judgment actions. See Nautilus, 15 F.3d at

> 375. Rather, a district court's decision to hear such a case is discretionary. Id.

ECF No. 52 at 9. However, Medicus takes issue with the fact that this Court did not specifically state that the Declaratory Judgment Act is to be construed liberally in favor of federal adjudication of disputes within a court's diversity jurisdiction. Continental Cas. Co. V. Fuuscardo, 35 F.3d 963, 965-66 (4th Cir. 1994). Although this Court did not specifically state the liberality standard applied, this Court is well aware of that standard and finds that the absence of a specific statement in its opinion is immaterial. This immateriality finding is based on the fact that, although Medicus is certainly correct that many declaratory judgment cases are not deemed subject to abstention, this Court still believes that it should abstain based on the specific facts of this case. Quarles, 92 F.2d at 325 (noting that although many insurance cases stay in federal court because of the Declaratory Judgment Act, each case must be given a case-by-case analysis).

"Common examples of this kind of case might include those wherein the insurance carrier, in federal court as the declaratory plaintiff on the coverage or defense issue, has also been named as the defendant in a bad faith or unfair claim settlement case in the underlying state case, or where the insured has made allegations of misrepresentation of the policy or of negligent failure to procure the requested insurance against the insurer." First Fin. Ins. Co. v. Crossroads Lounge, Inc., 140 F. Supp. 2d 686, 692 (S.D. W. Va.

2001). "In those cases, the controversy as between the declaratory judgment plaintiff and defendant encompasses more than just the declaratory judgment issues and might not be settled by the federal action." Id. This case presents such an issue because of Shamblin's applicability. Further, this Court notes that there are several other cases wherein the specific facts led the individual court to abstain. See, e.g., New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 298 (4th Cir. 2005) (finding that district court was correct in abstaining where it would have had to consider declaratory judgment claims without considering state law counterclaims); Marriott PLP Corp. v. Tuschman, 97 F.3d 1448 (4th Cir. 1996) (affirming district court's decision to abstain based primarily on forum shopping factor); Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 258 (4th Cir. 1996) (abstention proper in part because of "particularly salient" factor that insured asserted claims against insurance agent for misrepresentation and negligent failure to procure); Rei-Jeu Chang v. Maxwell, 102 F. Supp. 2d 316, 318 (D. Md. 2000) aff'd sub nom. Chang v. Maxwell, 19 F. App'x 148 (4th Cir. 2001) (abstention proper where based on issue primarily within state's interest); Prentiss v. Allstate Ins. Co., 87 F. Supp. 2d 514, 517 (W.D.N.C. 1999) (sua sponte abstention). As such, this Court finds that although it did not specifically state the liberality standard that Medicus has honed in on, it correctly

11

considered the ramifications of the Declaratory Judgment Act as applied to the facts of this case.

2. *Nautilus* Factors

This Court cited the following in its order of dismissal:

The United States Court of Appeals for the Fourth Circuit has articulated several factors that should guide a district court in determining whether to entertain a declaratory judgment action. The first set of standards was stated in Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937). In that case, the Court held that a district court should exercise jurisdiction over a declaratory judgment action when it finds that the relief sought "will serve a useful purpose in clarifying and settling the legal relations in issue" and "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Id.

The Fourth Circuit built upon these principles in Mitcheson v. Harris, 955 F.2d 235, 237-40 (4th Cir. 1992), indicating that when determining whether to entertain a declaratory judgment action, a district court should consider:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; and (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of overlapping issues of fact or law.

Id. (as cited in Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994)). Later, in Nautilus, the Fourth Circuit added that courts should also consider "whether the declaratory judgment action is being used merely as a device for 'procedural fencing'–that is, 'to provide another forum in a race for res judicata' or 'to achieve a federal hearing in a case

otherwise not removable.'" 15 F.3d at 377 (quoting 6A J. Moore, B. Ward & J. Lucas, Moore's Federal Practice, ¶ 57.08[5] (2d ed. 1993)).

ECF No. 52 at 9-10. In the current opinion, this Court has reviewed the specific arguments of Medicus. However, Medicus extrapolates those arguments and applies them to the Nautilus factors, contending that the previously cited mistakes would have led to a different outcome regarding abstention.

As stated above, this Court believes that because of the Shamblin issue, the state has an interest in determining how Shamblin should be applied in this case. This is so because in this case the insurer contends that punitive damages are not covered under the policy. This was a main factor in the order of dismissal, and despite Medicus' arguments otherwise, remains a main factor. This finding supports abstention in that there is a compelling state interest, the state court can more efficiently dispose of this case, and there is at least a possible issue of entanglement.

Further, this Court reiterates that this is not a case wherein Medicus is not a party to the state court action and does not have an opportunity otherwise to raise its declaratory judgment claims. Cf. Penn-Am. Ins. Co. v. Coffey, 368 F.3d 409, 414 (4th Cir. 2004). This also weighs in favor of abstention under the efficiency factor. Additionally, this Court notes that Medicus' motion to dismiss Cross and WSA's third-party complaint has been denied in

the state court action. McFadden, et al. v. Robert L. Cross, M.D., et al., No. 13-C-191, Dkt. Nos. 331-32 (W. Va. Cir. Ct. Ohio Co. Aug. 6, 2014)(Wilson). Thus, Cross and WSA still may be able to succeed on Shamblin claims in the state court action as their third party complaint is still pending.

This Court further found, and finds no reason to overturn its decision, that "as it is unclear whether procedural fencing occurred, or whether both parties were engaged in procedural fencing, this factor does not weigh in favor of nor against abstention." ECF No. 52 at 16. Thus, this Court finds that manifest injustice will not occur if Medicus' motion to amend or alter judgment is denied and this Court's decision to abstain is confirmed.

IV. Conclusion

Based on the analysis above, this Court finds that the plaintiff's motion to alter or amend judgment is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   May 5, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE